UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT WILSON, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>UMASS CORRECTIONAL HEALTH, et )<br>al., )<br>)<br>      Defendants. )<br>)<br>) | CIVIL ACTION<br>NO. 16-12242-JGD |

## **ORDER**

February 1, 2017

DEIN, U.S.M.J.

      For the reasons stated below, the Court allows in part and denies in part the plaintiff's motion concerning service of summons.

### **I.  BACKGROUND**

      On November 2, 2016, *pro se* litigant Robert Wilson ("Wilson"), who is incarcerated at MCI Norfolk, filed a civil rights action in which he alleges that, for the past two decades, he has not received adequate medical treatment from prison medical providers. The complaint was filed without payment of the filing fee or a motion for leave to proceed in forma pauperis. Wilson later paid the $400 filing fee.

      In an memorandum and order dated January 4, 2017 (Dkt. Entry No. 7), the Court ordered the Clerk to issue summonses as to all defendants. The Court also explained that Wilson could ask the defendants to waive service of the summonses.

      The Clerk issued a single summons which contained the case caption, electronic signature of a deputy clerk, and seal of the Court. The notation made on the docket for the issuance of the summonses directed the plaintiff to "copy this summons, complete one for each defendant and serve it in accordance with Fed. R. Civ. P. 4 and LR 4.1" (Dkt. Entry No. 8). The

Clerk also provided the plaintiff with one copy of the forms needed to seek a waiver of service of summons.

On January 25, 2017, Wilson filed a "Motion for Corrective Summonses, as well as Other Material Connected to Said Summonses, and Additional Time to Serve all Defendants in this Case" (Dkt. Entry No. 9). He asks therein for (1) a copy of the summons for each defendant or permission to make a copy of the summons that he received; (2) a copy of the forms to seek a waiver of service of the summons for each defendant or permission to make a copy of the forms he received; (3) forms for service by the United States Marshals Service ("USMS"); (4) permission to have the USMS complete service; and (5) additional time to complete service. Wilson also represents that he paid the filing fee through a friend.

## II. **DISCUSSION**

**A.** **Number of Forms Received**

The Clerk provided one summons and one set of paperwork for seeking a waiver of summons with the intent that Wilson make copies of the documents and then complete them for each defendant. Wilson does not need permission from the Court to make copies of these forms.

**B.** **Service by the USMS**

Where a plaintiff is authorized to proceed in forma pauperis, the Court must order that the USMS complete service at the plaintiff's direction with all costs to be advanced by the United States. See Fed. R. Civ. P. 4(c)(3).[1] Although Wilson represents that he is indigent, he has not submitted an application to proceed in forma pauperis, a prison account statement showing all transactions for the most recent six-month period, or any other proof of his indigency. While prisoners are often allowed to proceed in forma pauperis, the Court must review Wilson's financial information before ordering that the USMS complete service. Therefore, the Court will deny without prejudice his request to have service completed by the

---

[1]Even where the Court orders that service be completed by the USMS, the plaintiff remains responsible for completing all necessary forms for service and providing the USMS with enough copies of all documents for service.

USMS. Wilson may renew his request provided that he submits a prison account statement showing all account activity for the last six months and a completed Application to Proceed in District Court Without Prepaying Fees or Costs.

C.     **Requesting a Waiver for the Service of Summons**

As an alternative to having the USMS (or another adult not a party to the case) serve the individual defendants and Massachusetts Partnership for Correctional Health ("MPCH") in person, Wilson may procure waivers of service of summons from them.[2]  See Fed. R. Civ. P. 4(d)(1).  The gist of this process is that the plaintiff mails to a defendant a notice of the lawsuit, a request that the defendant waive service of the summons, and a copy of the complaint.  If the defendant agrees, he or she signs a waiver form and returns it to the plaintiff.  The plaintiff then files the waiver with the Court.  This process may be conducted by regular mail.  If a defendant fails, without good cause, to sign and return the waiver, he or she may be liable for the costs of service.  See Fed. R. Civ. P. 4(d)(2).  If Wilson timely procures a waiver of service of summons from the individual defendants and MPCH, he does not have to formally serve them.

## III.  CONCLUSION

Accordingly:

1.     To the extent Wilson seeks additional copies of the summons or forms for waiver of service, the motion is DENIED but Wilson may make his own copies as needed.

2.     Wilson's request to have service completed by the USMS is DENIED WITHOUT PREJUDICE.  Wilson may renew his request provided that he submits a prison account statement showing all account activity for the last six months and a completed Application to Proceed in District Court Without Prepaying Fees or Costs.  The Clerk shall provide Wilson with an Application to Proceed in District Court Without Prepaying Fees or Costs.

---

[2]Unlike corporations and individuals, governments are not required to waive service.  See Fed. R. Civ. P. 4(d)(1) (requiring individuals, corporations, partnerships, and associations to waive service, but not the state or federal government).  UMass Correctional Health, as an arm of the state, should be served in accordance with Rule 4(j) of the Federal Rules of Civil Procedure.

3

3. Wilson shall have 90 days from the date of this order to serve the summonses or to procure a waiver of service of summons from the defendants.

SO ORDERED.

                                                /s/ Judith Gail Dein
                                                Judith Gail Dein
                                                United States District Judge